IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KIMBERLY BOWERS, individually and
as natural parent and next friend
of MARK BOWERS, a juvenile, and
KEVIN BOWERS, JR.,

    Plaintiffs,

v.                              Civil Action No. 5:07CV1
                                        (STAMP)
ERIC POPISH, individually and in
his capacity as agent and employee
of the CITY OF WEIRTON,
a West Virginia municipal corporation,

    Defendants.

## ORDER APPROVING THE PARTIES' STIPULATION EXTENDING
## EXPERT DISCLOSURE AND DISCOVERY DEADLINES

This Court entered a scheduling order in the above-styled civil action on April 23, 2007. On November 27, 2007, the parties filed a stipulation pursuant to Local Rule of Civil Procedure 16.01(f)(2). The parties stipulate that the plaintiffs' deadline for expert disclosures shall be **December 31, 2007**; that the defendants' deadline for expert disclosures shall be **January 21, 2008**; that the deadline for any rebuttal disclosures shall be **January 30, 2008**; and that all discovery shall be completed by **February 8, 2008**. The stipulation does not modify any other deadlines set forth in the April 23, 2007 scheduling order.

Local Rule of Civil Procedure 16.01(f)(2) states, in pertinent part, that "stipulations to modify disclosure or discovery procedures or limitations will be valid and enforced if they are in

writing , signed by the parties making them or their counsel, filed promptly, and do not affect the trial or other dates and deadlines specified in subparagraph (1)."  L. R. Civ. P. 16.01(f)(2). Subparagraph (1) of Local Rule 16.01(f) states, in pertinent part, that "[t]ime limits in the scheduling order for the joinder of other parties, amendment of pleadings, filing of motions, and completion of discovery, and dates for conferences before trial, a final pre-trial conference, and trial may be modified for cause by order."  L. R. Civ. P. 16.01(f)(1).

The parties' stipulated modification will affect the discovery deadline in the scheduling order and is, therefore, subject to Local Rule 16.01(f)(1).  Accordingly, to be valid and enforceable, the stipulation requires a court order.  Because the parties' stipulation does not change the dates set forth for the joinder of other parties, amendment of pleadings, filing of motions, dates for conferences before trial, the final pre-trial conference, or trial, this Court will APPROVE the parties' stipulation.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    November 29, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE