IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KIMBERLY BOWERS, individually and
as natural parent and next friend
of MARK BOWERS, a juvenile and
KEVIN BOWERS, JR.,

    Plaintiffs,

v.                                    Civil Action No. 5:07CV1
                                                  (STAMP)

ERIC POPISH, individually and in
his capacity as agent and employee
of the City of Weirton and
CITY OF WEIRTON, a West Virginia
municipal corporation,

    Defendants.

**ORDER GRANTING JOINT MOTION
TO MODIFY SCHEDULING ORDER
AND AMENDED SCHEDULING ORDER**[1]

On December 12, 2007, the parties filed a joint motion to modify the scheduling order in the above-styled civil action. For good cause shown, the motion to modify the scheduling order is hereby GRANTED and the following amended deadlines are ESTABLISHED:

1. <u>Discovery</u>: All discovery shall be fully served and completed by **April 28, 2008**. "Completed discovery" as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses. The term "all discovery" in the preceding definition of "complete discovery" includes the

---

[1]This scheduling order contains modifications that are effective as of April 13, 2005, November 14, 2005, August 15, 2007 and October 4, 2007.

disclosures required by Fed. R. Civ. P. 26(a)(1), (2) and (5), but does not include the disclosures required by Fed. R. Civ. P. 26(a)(3).

Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date as provided in Fed. R. Civ. P. 26(e). The parties should refer to LR Civ P 5.01, LR Civ P 26.01-26.04, LR Civ P 33.01, LR Civ P 34.01, LR Civ P 36.01, LR Civ P 37.02 for further instructions on discovery practice.[2]

2. <u>Discovery Limitations</u>: The preemptive limitations on discovery under Fed. R. Civ. P. 26(a)(5) (i.e., numbers of interrogatories, requests for admissions, and depositions) set out in LR Civ P 26.01(c) apply to this action unless stipulated to by the parties and agreed to by the Court or otherwise ordered.

3. <u>Mediation</u>: This Court encourages either court-facilitated or private mediation as a method to resolve the claims in this civil action. If the parties have not conducted mediation prior to the deadline for disclosure of experts provided in paragraph 4 below, the parties shall confer to consider whether this case would benefit from mediation. Thereafter, the parties are DIRECTED to inform the Court if mediation is desired and, if so, whether the parties will employ a private mediator or would like the Court to schedule a court-facilitated mediator. If the parties employ a private mediator, lead counsel for the plaintiff (or an attorney representing a defendant if the plaintiff is appearing <u>pro se</u>) shall instruct the private mediator to complete

---

[2]Reference to these and other local rules are to the Local Rules, as revised, and made effective December 16, 2005.

the mediation report form (which is available at this Court's website at www.wvnd.uscourts.gov/documents/forms) and submit the completed mediation report form to the appropriate clerk's office within **ten** days following the mediation.

4. Expert Disclosures: The party bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **February 28, 2008**.

The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **March 24, 2008**.

All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B) no later than **April 7, 2008**.

The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case.

5. Examinations: All independent physical or mental examinations or inspection of property shall be completed by **March 17, 2008**.

6. Joinder, Amendments, Crossclaims, Counterclaims and Third-Party Complaints: Motions to join additional parties,

motions to amend pleadings, and any crossclaim or counterclaim, as well as any similar motions, shall be filed on or before **February 25, 2008**. Any response or reply shall be filed in accordance with LR Civ P 7.02(b).

**Any party filing a motion to amend a pleading or to file a third-party complaint shall attach to that motion a signed copy of the proposed amended pleading or third-party complaint.** However, the amended pleading or third-party complaint shall not be filed until the Court grants the particular motion.

7. <u>Dispositive Motions</u>: All dispositive motions, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed at the Clerk's Office with copies served upon opposing counsel by **May 12, 2008**. Any such motion must be supported by a memorandum at the time the motion is filed. Memoranda in opposition to such motions filed on the above deadline date shall be filed with copies served upon opposing counsel on or before **May 29, 2008**. If a motion has been filed before the above deadline date, opposing counsel is directed to comply with LR Civ P 7.02(b), which requires responses no later than fourteen days after the date of service of the motion. Any reply memoranda shall be filed with copies served upon opposing counsel on or before **June 9, 2008** or, if the response is filed prior to the above deadline date, within seven business days from the date of service of the memorandum in response to the motion. All dispositive motions unsupported by memoranda will be denied without prejudice. The parties shall comply with LR Civ P

4

7.02 imposing a page limitation upon memoranda unless a motion to exceed the page limitation is granted. See LR Civ P 7.02.

Factual assertions made in memoranda should be supported by specific references, including page or paragraph numbers, to affidavits, depositions or other documents made a part of the record before the Court. Copies of the supporting documents, or relevant portions thereof, should be appended to the memoranda. The parties may refer to LR Civ P 7.02 for details on motion practice before this Court.

**Deadlines for the filing of dispositive motions shall be altered only upon order of the Court.**

8. Settlement Conference and Fed. R. Civ. P. 26(a)(3) Disclosures: Pursuant to LR Civ P 16.04(a), counsel and unrepresented parties shall meet to conduct settlement negotiations no later than **July 3, 2008**. Lead trial counsel for the plaintiff first named in the complaint shall take the initiative in scheduling such a meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. Counsel and unrepresented parties must be prepared at the pretrial conference to certify that they tried in their meeting to settle the case.

If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Fed. R. Civ. P. 26(a)(3) disclosures at the settlement meeting.

9. Jury Instructions and Voir Dire: Proposed jury instructions **on substantive theories of recovery or defense**, on

damages and on evidentiary matters peculiar to the case, together with pertinent statutory and case authority, special interrogatories and verdict forms, if any be appropriate to the case, and all proposed voir dire questions requested by counsel for submission to the jury shall be exchanged by counsel and filed not later than **July 15, 2008**.

**If the instructions and voir dire in this case are being typed on a computer, counsel are requested to provide to the court a disk containing the instructions in WordPerfect 9.0 format which is labeled as to the case style, civil action number and party proposing the instructions. The envelope containing the disk should be marked "Contains Disk -- Do Not X-Ray -- May Be Opened for Inspection." The disk will be returned to counsel if requested.**

10. <u>Motions in Limine</u>: **No motion in limine may be filed unless and until the moving party <u>consults</u> with opposing counsel to determine whether the matter presented in the motion is <u>actually in dispute</u>. If the matter is not in dispute, but the party wishes to preserve the matter for the record, such party may file a stipulation <u>after</u> consulting with opposing counsel.**

**Where a matter is actually in dispute, all motions in limine, accompanied by memoranda of law, and all other related pretrial motions shall be filed not later than <u>June 26, 2008</u>. Responses to such motions shall be filed by <u>July 3, 2008</u>.**

**If a motion in limine has been filed before the above deadline date, opposing counsel is directed to respond no later than fourteen days after the date of service of the motion in accordance**

**with LR Civ P 7.02, or respond by the date given in this scheduling order, whichever date comes first.**

11. <u>Joint Pretrial Order</u>:  A proposed joint pretrial order, titled "Pretrial Order," shall be filed not later than **July 9, 2008**.  The proposed joint pretrial order shall contain at least those matters provided for under LR Civ P 16.04(b).  The witness lists, **which shall be filed as part of the pretrial order**, shall be considered by this Court as final lists and shall not be modified except for good cause shown.  Following the pretrial conference, this Court shall enter the pretrial order which shall then be modified only with the permission of the Court.

**In most cases, the plaintiff shall be responsible for initiating the preparation of the joint pretrial order.  However, in cases involving a <u>pro se</u> plaintiff, the defendant shall be responsible for initiating the preparation of the joint pretrial order.**

12. <u>Exhibits and Objections to Exhibits</u>:  On or before **July 14, 2008**, plaintiffs and defendants shall each:

   a.  file **A LIST** of proposed exhibits,

   b.  submit to the Clerk **ONE BINDER OF COPIES OF THE EXHIBITS**, with the exhibits indexed and individually tabbed, for the Court's use, and

   c.  forward copies of the proposed exhibits to opposing counsel.

Objections to exhibits, **WITH THE STATED REASONS FOR THE OBJECTION AND THE EXHIBIT TO WHICH OBJECTION IS MADE ATTACHED**,[3]

---

[3]When a party objects to an exhibit which is voluminous in size, the party may refer to the exhibit by number and dispense with this requirement, as long as the Court has previously been

shall be filed on or before **July 21, 2008**. Failure to comply with this paragraph may constitute a waiver of objections.

All exhibits shall be appropriately marked in numerical sequence (not lettered). Exhibit markers may be secured from the Clerk. **ORIGINAL EXHIBITS** shall be filed **AT THE TIME OF TRIAL AND SHOULD NOT BE FILED PRIOR TO TRIAL**. If counsel desires each juror to have a binder of copies of exhibits to view as counsel examines witnesses, these should be prepared for presentation to each juror at the appropriate time but with the Court's permission.

13. <u>Interrogatories and Depositions to be Used at Trial and Objections</u>: On or before **July 14, 2008**, plaintiffs shall file any interrogatories, answers thereto, depositions, etc., **specifying the appropriate portions thereto that plaintiffs intend to offer in this case**. Defendants shall do the same on or before **July 21, 2008**. Any objection to the introduction of any of the foregoing shall be filed in writing by the objecting party or parties no later than **July 24, 2008** or such objection shall be deemed to have been waived. This paragraph does not apply to discovery materials that will be used at trial solely in cross-examination or for impeachment.

14. <u>Biographical Sketches</u>: Biographical sketches of any proposed expert witnesses shall be filed and served upon opposing counsel by **July 14, 2008**.

15. <u>Stipulation of Facts</u>: Counsel are encouraged to meet and enter into stipulations of facts in this case and any such

---

provided with a copy of the relevant exhibit binder.

stipulation shall be reduced to writing, signed by counsel and filed and served upon opposing counsel by **July 14, 2008**.

16. Pretrial Conference/Final Settlement Conference: A pretrial conference/final settlement conference shall be held on **July 14, 2008 at 4:15 p.m.** at Wheeling, West Virginia. The conference shall be attended by lead trial counsel for each represented party and all unrepresented parties. Counsel and parties should be prepared to participate fully and to discuss all aspects of the case and the matters set forth in the pretrial order previously filed. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

17. Trial: Jury selection in this action shall be held on **July 29, 2008 at 8:30 a.m.** at Wheeling, West Virginia. Trial will commence upon the completion of jury selection and trial in any prior case scheduled for this date. This case is presently the fifth case on the trial docket for that week.

18. Motion for Continuance: If a party desires to file a motion for a continuance of a trial or any other scheduled event, counsel for that party shall, prior to the filing of any motion, meet and confer with opposing counsel and agree upon three alternative dates should the motion be granted and that information shall be included in the motion. If counsel for the opposing party objects to a continuance, that fact shall also be noted in the motion.

19. Settlement Authority and Sanctions: At least one of the attorneys for each party and all unrepresented parties

participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for failures and lack of preparation specified in Fed. R. Civ. P. 16(f) and LR Civ P 37.01 respecting pretrial conferences or orders.

20. <u>Deadlines Final</u>: The time limitations set forth above shall not be altered except as set forth in LR Civ P 16.01(f).

All dates for filings refer to the date the materials must be actually <u>received</u>, not the mailing date.

The Clerk is directed to transmit a copy of this order to all counsel of record herein.

DATED: December 21, 2007

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE